UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH O. OWENS JR., | No. 2:20-cv-0935 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| ACHTERBERG, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On November 4, 2020, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed plaintiff's amended complaint for failure to state a claim upon which relief can be granted with leave to amend and provided plaintiff with instructions and guidance as to the contents of his second amended complaint. Plaintiff has filed a second amended complaint.

As plaintiff now knows, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his second amended complaint plaintiff asserts that defendant Correctional Officer Achterberg violated plaintiff's rights by ending a phone conversation plaintiff was having with members of his family and then by grabbing plaintiff after the call was ended. With respect to the termination of the phone conversation, plaintiff has a right arising under the First Amendment to telephone access subject to reasonable limitations. Johnson v. California, 207 F.3d 650, 655 (9th Cir. 2000). However, injury arising from termination of a single phone conversation is de minimis and does not rise to the level of a Constitutional violation. See e.g. Furnace v. Sullivan, No. 07-cv-4441 MMC, 2008 WL 4856826, *3 (N.D. Cal. Nov. 10, 2008) (failure to provide meal that met plaintiff's religious dietary requirements on one occasion was a de minimis injury). As for being grabbed, plaintiff does have the right under the Eighth Amendment not to be subjected to cruel and unusual punishment. But, being "grabbed" does not rise to that level. See Hudson v. McMillian, 503 U.S. 1, 9 (1992) (de minimis uses of force not cruel and unusual punishments).

In all other respects, the allegations in plaintiff's second amended complaint are too vague to state a claim upon which plaintiff may proceed.

In light of the foregoing, plaintiff's second amended complaint must be dismissed. The court has given plaintiff two opportunities to amend his pleadings and provided guidance as to

how plaintiff might state a claim upon which relief could be granted. Plaintiff has been unable to do so. Since granting plaintiff leave to amend a third time appears futile, the court will recommend that this action be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 11, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
owen0935.frs